UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DISTRICT at LEXINGTON

CRIMINAL ACTION NO. 01-47-KSF
(Civil Action No. 05-322-KSF)

UNITED STATES OF AMERICA                                                              PLAINTIFF

V.                               **OPINION & ORDER**

RAY ANTHONY WASHINGTON                                                           DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on Defendant's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). The Court, having reviewed the record and being otherwise sufficiently advised, will deny the motion.

In 2002, Washington entered a conditional guilty plea to conspiracy to possess cocaine with the intent to distribution in violation of 18 U.S.C. § 846. Consistent with his plea agreement Washington was sentenced to 240 months imprisonment followed by 10 years of supervised release. His sentence and conviction were affirmed on appeal. *United States v. Washington*, 112 F. App'x 501 (6th Cir. 2004).

On July 29, 2005, Washington filed the present proceeding under 28 U.S.C. § 2255. This Court denied relief by order dated may 25, 2007. Washington pursued an appeal to the Sixth Circuit. The Court of Appeals affirmed denial of § 2255 relief. The United States Supreme Court denied certiorari on November 10, 2008.

On April 13, 2009, Washington filed his motion under Federal Rule of Civil Procedure 60(b). He alleges that his motion should not be deemed as a second or successive petition for habeas relief but as a challenge to the Court's order denying relief dated May 25, 2007. Washington alleges that the Court's determination was erroneous because the process used to reach its conclusions was flawed. Washington explains that the government perpetrated a fraud on the Court when it presented facts and allegations during the underlying criminal trial.

The Supreme Court decision in *Gonzales v. Crosby*, 545 U.S. 524 (2005), defines the circumstances in which a motion, although denominated as one for relief under Rule 60(b) must nevertheless be deemed a second or successive petition subject to the restrictions of 28 U.S.C. § 2244(b). Application of *Gonzales*, leads to the conclusion that Washington's present motion must be deemed a second or successive application for Section 2255 relief.

While Washington says that he is challenging the procedure used by the Magistrate Judge in issuing his Report & Recommendation and the Court in the habeas proceedings, his motion requests relief because he claims the government perpetrated fraud upon the court in the criminal case, an argument that he made in his initial Section 2255 application. The *Gonzales* court specifically held that a Rule 60(b) motion that seeks to reargue a claim already litigated must be considered a second or successive application for relief. *Id.* at 2647.

Judged against these standards, the present motion must be deemed a second or successive application. Washington's Rule 60(b) motion asserts the same claims that were raised and adjudicated in connection with his first petition. Washington offers nothing new but merely argues that the Magistrate Judge's reliance on facts in the criminal case was erroneous because the government's fraud made the conviction erroneous.

Section 2255 requires that a second or successive application for relief must be certified by the appropriate court of appeals as provided in 28 U.S.C. § 2244. Where, as here, a district court determines that a Rule 60(b) motion is in fact a second or successive application for post-judgment relief, the district court is obliged to transfer the case to the Sixth Circuit Court of appeals for review under 28 U.S.C. § 2241.

Accordingly, **IT IS ORDERED** that Washington's Rule 60(b) motion [DE 925] shall be treated as a second or successive application for § 2255 relief. The motion shall be transferred to the Court of Appeals in accordance with procedure established in *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

This September 21, 2009.

Signed By:
*Karl S. Forester*  KSF
United States Senior Judge