UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 5: 01-047-DCR |
| | ) | and |
| V. | ) | Civil Action No. 5: 05-322-DCR |
| | ) | |
| RAY WASHINGTON, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant/Movant. | ) | **AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Ray Washington's most recent pleading captioned, "Motion for Relief From Judgement Pursuant to FRCP Rule 60(d)(1)(3) Actual Innocence Due to Extrinsic Conduct Within the Judicial Machinery." [Record No. 976] Through this motion, Washington continues to assert that he is not guilty of the crimes of which he was convicted. In addition to arguing that there was insufficient evidence to connect him to the subject cocaine conspiracy, the defendant contends that his plea agreement was coerced.

Having reviewed the defendant's supporting materials [Record No. 976], the United States' response [Record No. 978], and Washington's reply [Record No. 979], the Court will deny the relief sought. Because the Court construes Washington's current motion as a thinly-veiled attempt to file a second or successive petition for relief under 28 U.S.C. § 2255, the matter will be transferred to the United States Court of Appeals for the Sixth Circuit in accordance with 28 U.S.C. § 2244.

As aptly summarized in the United States' response, based on wire-tap evidence connecting the defendant with illegal drug activity, Washington was arrested on April 25, 2001, while was returning to Lexington, Kentucky from Indianapolis, Indiana. A search revealed twenty-five kilograms of cocaine in the trunk of Washington's vehicle. *U.S. v. Washington*, 112 Fed. Appx. 501, 502 (6th Cir. 2004). Washington challenged the search but was unsuccessful. In view of the evidence supporting the government's case against him, Washington then entered a conditional guilty plea. Later, the defendant attempted to withdraw the guilty plea, but was unsuccessful. Thereafter, he was sentenced to a statutory mandatory minimum term of 240 months of imprisonment. *Id.*

Washington did not fare any better on appeal. On October 24, 2004, the Sixth Circuit confirmed his conviction, rejecting the defendant's argument that the wiretap was illegal and that the district court abused its discretion in denying Washington's attempt to withdraw his guilty plea. *Id.*

Washington's first motion pursuant to 28 U.S.C. § 2255 was filed on July 28, 2005. On May 25, 2007, the district court denied the relief sought while adopting the Report and Recommendation of United States Magistrate Judge James B. Todd. [Record Nos. 904, 909] The determination that Washington was not entitled to collateral relief was affirmed by the Sixth Circuit on May 7, 2008. [Record No. 921] As the Sixth Circuit explained in connection with this motion, Washington failed to make a substantial showing regarding the denial of any constitutional right with respect to his claims of ineffective assistance of trial or appellate counsel, prosecutorial misconduct, or coercion regarding his guilty plea. [*Id.*] Thereafter,

Washington's petition for a writ of certiorari was denied by the Supreme Court on November 10, 2008. [Record No. 923]

Washington again returned to this Court on September 21, 2009. At that time, his motion was captioned "Petitioner's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)." [Record No. 930] However, this Court determined that Washington was attempting to litigate previously adjudicated claims and transferred the matter to the Sixth Circuit. [Record No. 929] In addressing rejecting Washington's argument that relief was not foreclosed under Rule 60(b), the Court noted the following:

> The Supreme Court's decision in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), defines the circumstances in which a motion, although denominated as one for relief under Rule 60(b) must nevertheless be deemed a second or successive petition subject to the restrictions of 28 U.S.C. § 2244(b). Application of *Gonzalez,* leads to the conclusion that Washington's present motion must be deemed a second or successive application for Section 2255 relief.
>
> While Washington says that he is challenging the procedure used by the Magistrate Judge in issuing his Report & Recommendation and the Court in the habeas proceedings, his motion requests relief because he claims the government perpetrated fraud upon the court in the criminal case, an argument that he made in his initial Section 2255 application. The *Gonzalez* court specifically held that a Rule 60(b) motion that seeks to reargue a claim already litigated must be considered a second or successive application for relief. *Id.* at 2647.

[Record No. 929]

Although his current motion seeks to rely upon different subsection of Rule 60 (*i.e.*, subsections (d)(1) and (d)(2)), Washington again bases his argument on assertions that his conviction was procured by fraud on the Court. He now argues that (i) the district judge and magistrate judge originally assigned to his case were not "neutral and detached" because, if they had been, they would found the wiretap to be illegal; (ii) the wiretap was illegal because it was

-3-

based on fraudulent story of the case agent; and (iii) the district judge erred by denying his motion to withdraw his guilty plea. But as the United States correctly observes in its response, these are the same claims that Washington raised in his direct appeal, initial Section 2255 motion, and initial (disguised) Rule 60(b) motion.

Washington has not presented what may be properly characterized as "newly-discovered evidence" that, "if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" of conviction. 28 U.S.C. § 2255(h)(1). Instead, Washington is clearly attempting, once again, to circumvent the statutory requirements outlined in 28 U.S.C. § 2244 by re-labeling his motion as falling within Rule 60(d) of the Federal Rules of Civil Procedure when it is, in fact, another Section 2255 motion.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1.      Defendant Ray Washington's "Motion for Relief From Judgement Pursuant to FRCP Rule 60(d)(1)(3) Actual Innocence Due to Extrinsic Conduct Within the Judicial Machinery" [Record No. 976] is construed as a motion for leave to file a second or successive petition for collateral relief under 28 U.S.C. § 2255.

2.      The Clerk of the Court is **DIRECTED** to transfer the current motion to the United States Court of Appeals for the Sixth Circuit as a second or successive petition seeking relief under 28 U.S.C. § 2255 in accordance with 28 U.S.C. § 2244 and Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

3.     To the extent that Washington's motion is deemed to properly request relief from this Court, his request is **DENIED**.

This 28th day of September, 2015.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge